IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**TELLY SYLVESTER LARRY,**

    **Plaintiff,**

v.                                                                      Case No. 2:10-cv-01241

**SOUTH CENTRAL REGIONAL JAIL,
ROY A. HARVEY, LT. ADKINS,
DAVID FARMER, 1ST SGT. JARED,
ADM. TUCKER AND ADM. KING,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On October 21, 2010, Plaintiff filed a Complaint under 42 U.S.C. § 1983, alleging that he had been assaulted by Roy A. Harvey, another inmate at the South Central Regional Jail (the "SCRJ"), where the plaintiff was then incarcerated. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

At the time the Complaint was filed, Plaintiff was in custody at the South Central Regional Jail.[1] The Complaint named the SCRJ and Roy A. Harvey (hereinafter "Harvey") as defendants. Plaintiff's statement of his claim reads as follows:

---

[1] The plaintiff is a State prisoner who has also been convicted on a charge of possession with intent to distribute a quantity of cocaine base in this federal court. United States v. Tellis Sylvester Larry, No.

> Was playing cards in A-1 pod at S.C.R.J. (protective custody pod) on 9-13-10 at appr. 8:45 p.m. I, Telly Larry, and Roy Harvey got into a verbal altercation. I, Telly Larry, tried to walk away when the altercation turned physical by Roy Harvey attacked me during the altercation. Roy Harvey physically bit the tip of my nose off.

(Complaint, ECF No. 1, at 4.) Plaintiff's request for relief seeks "some sort of financial restitution for my pain and suffering and mental stress that I have endured as a direct result of this incident." ( *Id.* at 5.)

On December 17, 2010, the undersigned submitted a Proposed Findings and Recommendation ("PF&R"), recommending that the initial Complaint be dismissed under 28 U.S.C. § 1915A for failure to state a claim against the SCRJ and Harvey because Harvey is not a "state actor" and the SCRJ is not a "person" as defined under section 1983. (ECF No. 8.) However, during the time period in which the plaintiff could object to the undersigned's PF&R, the plaintiff filed additional documentation, alleging that Harvey had a history of violence and that certain staff at the SCRJ were aware of that fact, and failed to protect the plaintiff from Mr. Harvey after threats were made by Harvey to the plaintiff. (ECF No. 9.) Based upon the plaintiff's additional documentation, on January 1, 2011, the undersigned withdrew her PF&R and granted the plaintiff leave to file an Amended Complaint. (ECF No. 10.) The undersigned's January 1, 2011 Order again advised the plaintiff that the SCRJ and Harvey were not parties that were suable under section 1983. (*Id.* at 2-3.)

---

2:08-cr-00199 (S.D. W. Va. Dec. 9, 2010). The plaintiff's federal sentence of 44 months has been ordered to run consecutively to his State sentence. The plaintiff is now incarcerated at the St. Mary's Correctional Center.

On February 9, 2011, the plaintiff filed a letter-form Amended Complaint, adding Lt. Adkins, David Farmer, 1st Sgt. Jared, Adm. Tucker and Adm. King as defendants. His Amended Complaint states in pertinent part:

> I believe and now [sic; know] that they knew Roy Harvey was a threat to himself and to other[s]. I still have nightmares at night about the accident that occurred to me and my nose will never be right again. I have to look in the mirror every day and it remind[s] me that my nose got bitten off by Roy Harvey and the people and worker[s] at the jail knew he was a risk to me and the other people like me in the jail. I'm just ask[ing] for a little justice. I have been lock[ed] up for over a year and haven't had no write up or got into any trouble while I was in South Central Regional Jail care. I tryed [sic; tried] not to cause them a problem.

(ECF No. 12.) The Complaint (ECF No. 2), additional documentation in support of the Complaint (ECF No. 9), and the Amended Complaint (ECF No. 12) were served on each of the defendants by certified mail.

Following service of process, defendant Harvey filed a *pro se* Motion to Dismiss (ECF No. 31), along with several other *pro se* motions for discovery and for subpoenas. (ECF Nos. 36, 37 and 40.) All of the other defendants, by counsel, filed an Answer to the Amended Complaint (ECF No. 32). The defendants, except for Harvey, shall be referred to collectively at "the SCRJ defendants."

After a period for discovery, on November 17, 2011, the West Virginia Regional Jail Authority, as the entity with oversight of the SCRJ, by counsel, filed a Motion for Summary Judgment (ECF No. 53) and a Memorandum of Law in support thereof (ECF No. 54.) That same date, the other SCRJ defendants filed a separate Motion for Summary Judgment (ECF No. 55) and a Memorandum of Law in support thereof (ECF No. 56.) The plaintiff had previously been notified, pursuant to the holding in

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of his right and obligation to respond to the defendants' Motions for Summary Judgment (ECF No. 33.)

On December 5, 2011, the plaintiff filed his Response in Opposition to the Defendants' Motions for Summary Judgment (ECF No. 58.) On December 21, 2011, the SCRJ defendants filed Reply briefs. (ECF Nos. 59 and 60). This matter is ripe for determination.

## STANDARDS OF REVIEW

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50. This standard will be used in evaluating the claim against defendant Harvey.

Turning to the Motions for Summary Judgment filed by the SCRJ defendants, Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c)(2) (2009). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

If the moving party meets this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c)(2); *Id.* at 322-23.

> [A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

A court must neither resolve disputed facts nor weigh the evidence, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

## ANALYSIS

### I. Claim against Roy A. Harvey

On May 24, 2011, defendant Harvey filed a Motion to Dismiss (ECF No. 31), asserting that "this lawsuit is frivolous and malicious," that the plaintiff had failed to follow the grievance procedure, and that the Amended Complaint fails to state a claim upon which relief can be granted against him. (*Id.*)

The undersigned agrees that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against defendant Harvey in this federal court

6

because Harvey is not a "state actor," and cannot be sued under 42 U.S.C. § 1983. A claim brought pursuant to section 1983 must be based on an allegation that a person "acting under color of State law" committed a violation of the plaintiff's federal constitutional rights. Harvey is not a person who acted under color of state law (such as a correctional officer). Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a claim upon which relief can be granted against defendant Roy A. Harvey. The undersigned finds it unnecessary to address Harvey's other arguments.

## II. Claims against the SCRJ defendants

The claims against the SCRJ defendants in the Amended Complaint are based upon the SCRJ defendants' alleged failure to protect the plaintiff from harm by defendant Harvey, despite being aware that Harvey was a threat to himself and others. The plaintiff claims that, as a result of the SCRJ defendants' failure to act, the plaintiff was assaulted by Harvey and Harvey bit off the tip of his nose. The claims against the SCRJ defendants are grounded in the Eighth Amendment's prohibition against cruel and unusual punishment. To succeed with such a claim, the plaintiff must demonstrate that these defendants showed deliberate indifference to a known risk of harm to the plaintiff. The deliberate indifference standard is further discussed below.

### A. The claim against the SCRJ (Regional Jail Authority).

The West Virginia Regional Jail and Correctional Facility Authority, by counsel, had filed a Motion for Summary Judgment on behalf of the SCRJ, which is just a building, and not a suable entity. (ECF No. 53.) The Memorandum of Law in support of the motion asserts that the SCRJ cannot be sued under section 1983 because the SCRJ is

not a "person" under section 1983, and a suit for money damages against a State agency is barred by the Eleventh Amendment to the United States Constitution. (ECF No. 54 at 3-5). The Memorandum of Law further asserts that the plaintiff's request for punitive damages is barred by state law. (*Id.* at 5.) The undersigned will hereinafter refer to this defendant at "the Regional Jail Authority."

As aptly noted by the Regional Jail Authority in its Memorandum of Law, the Eleventh Amendment bars suits for money damages against a state or state agencies. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). The Regional Jail Authority's Memorandum of Law further asserts:

> In order to state a claim for damages under 42 U.S.C. S 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. S 1983; *Monell v. Dept. of Social Servs.* 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L.Ed.2d 611, 636 (1978). The law is clear that States are not subject to liability under 42 U.S.C. § 1983 because they are not "persons: within the meaning of the statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed.2d 45, 58 (1989). This rule of law applies to the Regional Jail Authority, which is in effect, the State of West Virginia. *Roach v. Burke*, 825 F. Supp. 116, 117-118 (N.D. W. Va. 1993); *Lavender v. West Virginia Regional Jail and Correctional Facility Authority, et al.* 2008 U.S. Dist. LEXIS 8162 (February 4, 2008). As the State of West Virginia, the Regional Jail Authority is not a "person" suable under § 1983. *Roach v. Burke*, 825 F. Supp. at 118. Therefore, the Regional Jail Authority [and by relationship, the SCRJ as the named defendant] is entitled to summary judgment on Plaintiff's Complaint and Amended Complaint, as the Plaintiff has not asserted a viable claim against it.

(ECF No. 54 at 4-5.)

The Regional Jail Authority's Memorandum of Law further addresses a claim for punitive damages made by the plaintiff, not in his Complaint or Amended Complaint, but in a document entitled "Discovery phase of my litigation," which was filed on June

27, 2011. (ECF No. 34.) The discovery document demands punitive damages against the SCRJ defendants for not preventing the assault by Harvey. (*Id.* at 2.) The Regional Jail Authority's Memorandum of Law addresses the statutory prohibition concerning the awarding of punitive damages against the State as follows:

> To the extent that the Plaintiff is attempting to recover punitive damages from the West Virginia Regional Jail and Correctional Facility Authority, his claim must fail because the Regional Jail Authority cannot be made to pay punitive damages. Further, there is no evidence of any conduct which would justify an award of punitive damages against the Regional Jail Authority.
>
> West Virginia Code § 55-17-4(3) states that, "No government agency may be ordered to pay punitive damages in any action." West Virginia Code § 55-17-4 (2002). West Virginia Code § 55-17-2 defines "government agency" as "a constitutional officer or other public official named as a defendant or respondent in his or her official capacity, or a department division, bureau, board, commission, or other agency or instrumentality within the executive branch of state government that has the capacity to sue or be sued." West Virginia Code § 55-17-2 (2002). The Regional Jail Authority is an agency within the executive branch of state government which fits this definition and, thus, is not subject to Plaintiff's claim for punitive damages.

(ECF No. 54 at 5.) The Regional Jail Authority further notes that it is inconsequential that this case is filed in a federal court, as opposed to a state court; the statutory prohibition still applies. (*Id.* at 6.)

The plaintiff's Response does not address the specific liability of the Regional Jail Authority. (ECF No. 58.) The undersigned finds that the Regional Jail Authority's Motion to Dismiss is legally sound and persuasive. As argued in its Motion and Memorandum of law, the Regional Jail Authority, as an agency of the State of West Virginia, is not a person who can be sued under section 1983. Furthermore, the plaintiff's claim for monetary damages against the Regional Jail Authority is barred by

the Eleventh Amendment, and the claim for punitive damages, in particular, is barred by West Virginia Code § 55-17-4. Moreover, the plaintiff has not demonstrated any facts to support his claims against the Regional Jail Authority.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that there are no genuine issues of material fact and that the West Virginia Regional Jail Authority is entitled to judgment as a matter of law on the plaintiff's claims against the SCRJ as alleged in his Complaint and Amended Complaint.

      **B.**      **Claims against the SCRJ defendants.**

The individual SCRJ defendants (Adkins, Farmer, Jarrett [improperly named as Jared], Tucker and King) filed a separate Motion for Summary Judgment (ECF No. 55) and a Memorandum of Law in support thereof (ECF No. 56), in which they repeat the argument of the Regional Jail Authority that, in their official capacities, they are not "persons" who can be sued under section 1983.[2] As noted in their Memorandum of Law, Stephen Tucker is the Administrator of the SCRJ, David Farmer is the Director of Inmate Services at the SCRJ, and Lt. Craig Adkins and 1st Sgt. Mark Jarrett are correctional officers employed at the SCRJ. At the time of the alleged incident, John King was the Chief of Operations for the Regional Jail Authority, and did not specifically work at the SCRJ. The SCRJ defendants also repeat the argument made in the Regional Jail Authority's motion concerning the prohibition against awarding punitive damages against a state agency.

For the same reasons stated above concerning the SCRJ, because these individuals, in their official capacities, are agents of the State of West Virginia, they are

---

[2] The plaintiff's Response to the Motion for Summary Judgment clarifies that he is suing these individuals in both their individual and official capacities. (ECF No. 58 at 3.)

not amenable to a suit for monetary damages under section 1983, and that an award of punitive damages against these defendants, as public officials, is also prohibited.

The SCRJ defendants further assert that they are entitled to summary judgment on the plaintiff's claims against them because the plaintiff cannot establish that they acted with deliberate indifference to a known serious risk of harm. These defendants assert that the plaintiff did not personally make them aware of any threats by Harvey, or that he believed that Harvey posed a danger to him, prior to September 13, 2010. (ECF No .56 at 5-8.) They further assert that there was no basis for them to draw any inference that Harvey posed an excessive risk of harm to the plaintiff. (*Id.*)

The undersigned notes that the Eighth Amendment, rather than the Fourteenth Amendment, provides the primary source of protection of an inmate's right to be free from violence while incarcerated. See *Pressly v. Hutto*, 816 F.2d 977 (4th Cir. 1987). The defendants' Memorandum of Law discusses the applicable standard for such Eighth Amendment claims:

> The Eighth Amendment to the United States Constitution prohibits the unnecessary and wanton infliction of pain, which constitutes cruel and unusual punishment. [*Green v. Rubenstein*, 2010 U.S. Dist. LEXIS 52535, *14 (N.D. W. Va. April 19, 2010)], citing *Whitley v. Albers*, 475 U.S. 312, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986). Generally speaking, there is no "supervisory liability" under 42 U.S.C. § 1983, as *respondeat superior* cannot form the basis of a claim asserted under the statute. [*Green*, 2010 U.S. Dist. LEXIS 52535 *10-11 (N.D. W. Va. April 19, 2010)], citing *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed.2d 561 (1976). Instead, liability must be premised upon each defendant's personal constitutional violations. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001)(internal citations omitted). In order to survive summary judgment, Mr. Larry must allege personal involvement on the part of each defendant in a constitutional violation, and demonstrate a causal connection between the act and his alleged injury. Green, 2010 U.S. Dist. LEXIS 52[5]35, *11, *citing Zatler v.* Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). Factually, specific acts or omissions by each defendant which violated Plaintiff's

> constitutional rights must be demonstrated. Green, 2010 U.S. Dist. LEXIS 52[5]35, *11, citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (additional citations omitted).
>
> Mr. Larry has not alleged that defendants Adkins, Farmer, Jarrett, Tucker or King directly caused his injuries in a physical sense. Instead, Mr. Larry appears to be alleging that these defendants are liable for his injuries, not because they directly caused his injuries, but because they failed to prevent the harm. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811, 822 (1994) (additional citations omitted). However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability. Id., 511 U.S. at 834, 114 S. Ct. at 1977, 128 L. Ed.2d at 823. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. at 828, 114 S. Ct. at 1974, 128 L. Ed2d at 820 (additional citations omitted).

(ECF No. 56 at 5-6.)

The SCRJ defendants' Memorandum further addresses the standard established in *Farmer v. Brennan*, as follows:

> In *Farmer*, the United States Supreme Court held that prison officials may be liable under the Eighth Amendment for denying humane conditions of confinement only if the official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847, 114 S. Ct. at 1984, 128 L. Ed.2d at 832. This standard for "deliberate indifference" requires actual, subjective consciousness of a risk. *Id.*, 511 U.S. at 840, 114 S. Ct. at 1980, 128 L. Ed.2d at 827. For liability to attach, it is not enough to allege that conditions or circumstances "should have been" known to a particular prison official, but rather, evidence must be offered of the official's actual state of mind, specifically that the official was personally aware of a substantial risk of serious harm to an inmate. *Id.*, 511 U.S. at 835-47, 114 S. Ct. at 1977-84, 128 L. Ed.2d at 824-32.

(*Id.* at 6.)

Using this standard, the SCRJ defendants argue that they did not have any actual knowledge or reason to believe that the plaintiff was in imminent danger of being

assaulted by Harvey. Their Memorandum of Law states, "in the light most favorable to the Plaintiff, Mr. Larry is unable to demonstrate that these defendants, each individually, had actual awareness of any risk to Mr. Larry's safety." (*Id.* at 7.) The SCRJ defendants cite to the plaintiff's responses to their discovery requests in which the plaintiff admitted that, prior to September 13, 2010, he did not personally tell any of the named defendants that Harvey had threatened him. (ECF No. 56 at 7, Ex. 1, Requests 5-9.) Rather, the plaintiff alleges that he told "another guard about it." (*Id.*) The SCRJ defendants' Memorandum of Law further states:

> It is clear from Mr. Larry's responses that, although he claims to have told "another guard" that he had been threatened by Roy Harvey, he never told defendants Adkins, Farmer, Jarrett, Tucker, or King about it. Therefore, even when the evidence is taken in the light most favorable to the Plaintiff, there is no evidence in the record that these defendants had any actual, subjective knowledge of a risk of harm to Mr. Larry as required by *Farmer v. Brennan, supra.* As a result, the Plaintiff cannot demonstrate that these defendants acted with deliberate indifference by disregarding a known risk and "failing to take reasonable measures to abate it," as required by *Farmer*. *Farmer*, 511 U.S. at 847, 114 S. Ct. at 1984, 128 L. Ed.2d at 832. The undisputed record reflects that Mr. Larry cannot meet his burden of presenting a genuine issue of fact on these essential elements of his claim of deliberate indifference against the defendants Adkins, Farmer, Jarrett, Tucker and King. Therefore, they are entitled to summary judgment in their favor.

(*Id.* at 8.)

The SCRJ defendants and, in particular, defendants Adkins and Farmer, further assert that, to the extent that the plaintiff is alleging that inmate Harvey never should have been placed on the plaintiff's unit because he had previously been removed therefrom for his behavior, these defendants assert that they are entitled to qualified immunity for the decision to place Harvey on that unit. (*Id.* at 8-13.) As noted by the SCRJ defendants, at the time of the altercation in question, Adkins and Farmer were

13

members of the Administrative Segregation Committee, which determines the placement of inmates in various classifications, including administrative segregation, protective custody, and step-down. The unit on which the plaintiff and Harvey were housed was a step-down unit.[3] (*Id.* at 8-9.)

Public officials are not liable for monetary damages if they can show that their conduct did not violate clearly-established statutory or constitutional rights of which a reasonable person would have known. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999). Qualified immunity exists to protect officers in the performance of their duties unless they are "plainly incompetent" or they "knowingly violate the law." *Doe v. Broderick*, 225 F.3d 440, 446 (4th Cir. 2000).

In ruling on an issue of qualified immunity, a court must consider this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001), receded from by *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808 (2009). If the allegations do not give rise to a constitutional violation, no further inquiry is necessary. *Saucier*, 533 U.S. at 201. If, on the other hand, a violation can be shown, then the court must determine whether the right was clearly established in the specific context of the case. *Id.* "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. The *Pearson*

---

[3] As explained in the SCRJ defendants' responses to the plaintiff's discovery requests, "The step down unit is a protective custody unit in the sense that it is separate from the general population, but inmates in step down are free to interact in the common areas of the step down unit, so it is also distinct from voluntary lockdown, where an inmate does not have contact with other inmates." (ECF No. 58 at 6, Resp. to Interrog. No. 2.)

decision clarified that courts may exercise discretion in determining which of these two prongs to address first. 555 U.S. at 236.

These defendants assert that, as state officers and agents, they are entitled to qualified immunity for claims resulting from their discretionary functions insofar as their actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Syl. Pt. 2, *Clark v. Dunn*, 465 S.E.2d 374, 375 (W. Va. 1995). (ECF No. 56 at 9.) The case law cited by these defendants in support of their qualified immunity defense is predominantly state case law, rather than federal authority. However, the principals cited in both are similar. These defendants further assert that the plaintiff "can point to no clearly established federal law that was violated by placing Roy Harvey in the step-down unit at [SCRJ]." (*Id.* at 12.)

The SCRJ defendants further assert that the United States Court of Appeals for the Fourth Circuit has repeatedly held, in cases where a prisoner is complaining of assault by another prisoner, that prison officials are entitled to the defense of qualified immunity where the Plaintiff has failed to allege facts that could support a finding that the prison officials violated clearly established constitutional law. *See Ervin v. Mangum*, 1997 U.S. App. LEXIS 29363 (4th Cir. 1997); *Price v. Sasser*, 65 F.3d 342 (4th Cir. 1995); and *Crist v. Laudenslager*, 1994 U.S. App. LEXIS 27722 (4th Cir. 1994)(per curiam). They suggest that a similar finding should be made here. (ECF No. 56 at 12.)

On December 5, 2011, Plaintiff filed a Response to the Defendants' Motions for Summary Judgment. (ECF No. 58.) The Response asserts that, prior to September 13, 2010, the plaintiff told an unnamed official at the SCRJ (who is not a defendant in this lawsuit) that Harvey had threatened him and used a racial slur, and that the officer and

his supervisors failed to do anything about it and, subsequently, Harvey bit off part of his nose. (ECF No. 58 at 1.) The Response further asserts that the defendants had actual or constructive knowledge that Harvey was a violent prisoner and a threat to the plaintiff or other inmates, and yet, he was placed in a pod where inmates had requested to be protected from violence. (*Id.*) The Response further states:

> I ask[ed] to be put in the step down pod because I was a vulnerable inmate that wanted to be protected from violent or predatory prisoners for two reason[s] because of the charge I have pending and the last time I was incarcerated at the South Central Regional Jail in March of 2008 five prisoners jump[ed] on me and brock [sic; broke] my jaw bone in two place[s]. Failure to protect me in both case[s] has caused serious harm and damage to Mr. Larry.

(*Id.* at 2.) The plaintiff's Response further discusses a "state tort of negligence," which is not actionable in this federal court between citizens of the same state. The allegation that these defendants "should have known" that Harvey posed a serious risk of harm to the plaintiff or other inmates connotes negligence, not deliberate indifference, and is insufficient to state a claim herein. The plaintiff must demonstrate that these defendants had <u>actual knowledge</u> of a serious risk of harm and "failed to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The plaintiff also cites to some case law asserting that "proof of specific notice of time, place or manner of risk is not required," and that a finding of liability may still be had where the particular prisoner at risk is not known in advance. His Response further states:

> Mr. Harvey was put back in a pod [where] people were that wanted to be protective [sic; protected] against violent and dangerous inmates. He had been kicked out of the pod more than once before for assaulting a handicap[ped] inmate and harassment on another inmate and the defendants at [SCRJ] Lt. Adkins, David Farmer. 1st Sgt. Jarred [sic;

16

> Jarrett], Adm. Tucker and Adm. King knew about it and fail[ed] to do anything and for that there [sic; their] Motion for Summary Judgment should be thrown out. The defendants failed to segregate a prisoner who had exhibited a "violent pattern of behavior" *Saunders v. Chatham County Bd. Of Comm'rs*, 728 ___, 1367, 1368 (11th Cir. 1984). * * * The Plaintiff did not know that Roy A. Harvey was in A-1 pod before they transferred the step down pod from A-2 to A-1. Once he started having trouble with Roy Harvey he let a prison official now [sic; know] about the threat and racial slur by "verbal complaint." The defendant[s] failure to act upon the complaint caused Plaintiff Mr. Larry to have his nose bitten off and be assaulted.

(ECF No. 58 at 4.)

The SCRJ defendants' reply briefs largely repeat the arguments made in their initial Memoranda of Law in support of their Motions for Summary Judgment and do not need to be discussed in detail. (ECF Nos. 59 and 60.) The individual SCRJ defendants' Reply reasserts that those defendants cannot be held vicariously liable for any alleged constitutional violation by the unidentified "other guard," but, rather, the plaintiff must demonstrate that they each had actual knowledge of a threat to the plaintiff by Harvey, and deliberately disregarded the same. (ECF No. 60 at 2.) Their Reply further addresses the insufficiency of the plaintiff's state law negligence claims. The SCRJ defendants reiterate that the plaintiff has failed to provide evidence that Harvey posed a particular risk to the plaintiff or other inmates of which the prison officials "should have been aware," and that, at most, the decision to place Harvey on that unit could only be construed as negligence, not deliberate indifference. The SCRJ defendants further attempt to factually distinguish the plaintiff's case from those cited in his Response, based upon the type of segregation unit on which the plaintiff was being held, and the lack of any known risk of harm to the plaintiff. (*Id.* at 3-7, 8-11.)

The SCRJ defendants' Reply also addresses the assault that the plaintiff was allegedly subject to at the SCRJ in 2008, and requests that the court disregard the use of this fact in its analysis of the plaintiff's claims. (ECF No. 60 at 7-8.) While the undersigned does not believe that the plaintiff was attempting to make a separate claim concerning the alleged assault in 2008 (which, as noted by the SCRJ defendants would be barred by the applicable statute of limitations), the undersigned construes this fact to support the plaintiff's assertion that the SCRJ defendants were aware that the plaintiff had been asked to be put in the step-down unit because he believed he was vulnerable as a result of the previous attack. (ECF No. 58 at 2.)

Although an inmate's right to protection from assault by another inmate where a known risk of serious harm exists was clearly established at the time in question, the plaintiff has failed to demonstrate that any of the named defendants had actual knowledge of any threats to the plaintiff by inmate Harvey and, thus, no constitutional violation has been shown. Furthermore, the plaintiff's assertion that the defendants should have known that Harvey posed a threat to him is insufficient to establish liability for an Eighth Amendment claim. Thus, the individual SCRJ defendants are entitled to qualified immunity on the plaintiff's claims against them.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that there are no genuine issues of material fact, and that the SCRJ defendants are entitled to judgment as a matter of law on the plaintiff's claims as stated in the Complaint (ECF No. 1) and Amended Complaint (ECF No. 12) because the plaintiff has not sufficiently alleged that the SCRJ Defendants were aware of specific facts that would allow them to

draw an inference that there was an excessive risk of harm to the plaintiff by inmate Harvey.

## **RECOMMENDATIONS**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss filed by defendant Roy A. Harvey (ECF No. 31), **GRANT** the Motion for Summary Judgment filed by the West Virginia Regional Jail Authority (ECF No. 53), **GRANT** the Motion for Summary Judgment filed by the other SCRJ defendants (ECF No. 55), and dismiss this action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendations and to mail a copy of the same to the plaintiff at St. Mary's Correctional Center and to transmit a copy to counsel of record.

December 27, 2011

Mary E. Stanley
United States Magistrate Judge